

FILED

OCT - 1 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

RICHARD STOOTS

        Plaintiff

    v.                                   Civil No. 2:11cv15

MICHAEL J. ASTRUE,

        Commissioner of Social
        Security

## OPINION AND ORDER

This matter comes before the Court on Richard Stoot's ("Plaintiff") action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits under the Social Security Act. For the reasons stated herein, the Court hereby: (1) **REJECTS** the Magistrate's Report and Recommendation; (2) **DENIES** the Plaintiff's Motion for Summary Judgment, ECF No. 10; (3) **GRANTS** the Defendant's Motion for Summary Judgment, ECF No. 12; and (4) **AFFIRMS** the Commissioner's decision.

### I.    PROCEDURAL BACKGROUND

On July 16, 2008, Plaintiff filed an application for disability insurance benefits. The application alleged an onset of disability as of June 27 2008 due to a history of nonischemic

cardiomyopathy, degenerative disc disease, and status post laminectomy. R.[1] 11, 129. Plaintiff's application was denied by the Social Security Administration initially on October 8, 2008, R. 47-62, and on reconsideration on June 5, 2009, R. 63-76.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") of the Social Security Administration, which was held on March 2, 2010. R. 20-46, 93. Plaintiff was represented by his attorney, Barry Richardson, at the hearing. R. 20-46, 84. The Plaintiff, his wife, and Vocational Expert ("VE") Robert Edwards testified at the hearing. R. 20-46.

On March 12, 2010, the ALJ issued a decision. R. 9-16. The ALJ found that Plaintiff was not entitled to disability insurance benefits because he was not under a disability as defined in the Social Security Act. R. 9, 16. Specifically, the ALJ found Plaintiff capable of making an adjustment to a limited range of sedentary work that exists in significant numbers in the local and national economies. R. 13-16. On May 3, 2010, Plaintiff requested review of the ALJ's decision by the Appeals Council of the Office of Hearings and Administration ("Appeals Council"). R. 94-96. The Appeals Council denied review on November 5, 2010. R. 1-5. This makes the ALJ's decision the "final decision" of the Commissioner subject to judicial review pursuant to 42 U.S.C. § 405(g). 20 C.F.R. § 404.981.

Plaintiff brought this action seeking judicial review of the decision of the Commissioner denying his claim for disability insurance benefits. Plaintiff filed a complaint on January 13, 2011, which Defendant answered on June 30, 2011. ECF Nos. 3, 6. The action was referred to United States Magistrate Judge F. Bradford Stillman, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), by order of reference filed July 1, 2011. Plaintiff filed a motion for summary judgment with memorandum in support on August 5, 2011. ECF Nos. 10-11. Defendant filed a

---

[1] "R." refers to the certified administrative record of proceedings relating to this case, ECF No. 7, filed under seal pursuant to Local Civil Rule 7(C)(1).

motion for summary judgment with memorandum in support on September 8, 2011. ECF Nos. 12-13. Plaintiff filed a reply to the Defendant's motion for summary judgment on September 22, 2011. ECF No. 14. Magistrate Judge Stillman filed his Report and Recommendations on June 22, 2012. ECF No. 15. The Magistrate recommends that: (1) Plaintiff's Motion for Summary Judgment be granted, to the extent it seeks reversal and remand of the Commissioner's decision; (2) Defendant's Motion for Summary Judgment be denied; and (3) the Commissioner's decision be vacated and the case remanded for further proceedings. Mag. J. Rep. and Recs. 19, ECF No. 15. No objections to the Report and Recommendations were filed in this case.

## II.    FACTUAL BACKGROUND

At the time of his alleged disability onset date, Plaintiff was forty-one years old; he is presently forty-four years old. R. 15, 22, 97. The Plaintiff has a high school education. R. 15. His past relevant work includes employment as an auto mechanic, a retail department manager, and a truck driver. R. 15, 23-27. According to VE testimony, each of these occupations is classified as light to medium and semi-skilled to skilled work.[2] R. 15, 42-43.

On June 27, 2008, Plaintiff ceased working due to his alleged disability. R. 9, 27, 97.

---

[2] Under the Social Security Act, all occupations are classified as "unskilled," "semi-skilled," or "skilled" work. See 20 C.F.R. § 404.1568. Unskilled work requires "little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Semi-skilled work requires

> some skills but does not require doing the more complex work duties. Semi-skilled jobs may require alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; or tending or guarding equipment, property, materials, or persons against loss, damage or injury; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work. A job may be classified as semi-skilled where coordination and dexterity are necessary . . . .

20 C.F.R. § 404.1568(b). Skilled work requires the use of judgment in "dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c).

## III.  STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, the Court reviews <u>de novo</u> any part of a Magistrate Judge's recommendation to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

"Determination of eligibility for social security benefits involves a five-step inquiry." <u>Walls v. Barnhart</u>, 296 F.3d 287, 290 (4th Cir. 2002); <u>see also</u> <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam). "The claimant has the burden of production and proof in Steps 1–4. At Step 5, however, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering h[er] age, education, and work experience." <u>Hancock v. Astrue</u>, 667 F.3d 470, 472 (4th Cir. 2012) (citing <u>Hunter v. Sullivan</u>, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam)) (internal citation omitted) (internal quotation omitted). If a determination of disability can be made at any step, the Commissioner need not analyze subsequent steps. <u>Id.</u> (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)).

First, the claimant must demonstrate that she is not engaged in substantial gainful activity at the time of application. 20 C.F.R. § 404.1520(b). Second, the claimant must prove that he has "a severe impairment . . . which significantly limits . . . [his] physical or mental ability to do basic work activities." <u>Id.</u> § 404.1520(c). Third, if the claimant's impairment matches or equals an impairment listed in appendix one of the Act, and the impairment lasts—or is expected to last—for at least twelve months, then the claimant is disabled. <u>Id.</u> § 404.1520(d); <u>see</u> 20 C.F.R. pt. 404 subpart P app. 1 (listing impairments). If, however, the impairment does not meet one of those listed, then the ALJ must determine the claimant's residual functional capacity ("RFC"). The RFC is determined based on all medical or other evidence in the record of the claimant's

4

case. Id. § 404.1520(e). Fourth, the claimant's RFC is compared with the "physical and mental demands of [the claimant's] past relevant work." Id. § 404.1520(f). If it is determined that the claimant cannot meet the demands of past relevant work then, fifth, the claimant's RFC and vocational factors are considered to determine if he can make an adjustment to other work. If the claimant cannot make such an adjustment, then he is disabled for purposes of the Act. Id. § 404.1520(g)(1).

The Court's review of this five-step inquiry is limited to determining whether: (1) the decision was supported by substantial evidence on the record; and (2) the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); Johnson, 434 F.3d at 653. "If the Commissioner's decision is not supported by substantial evidence in the record, or if the ALJ has made an error of law, the Court must reverse the decision." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). In deciding whether to uphold the Commissioner's final decision, the Court considers the entire record, "including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.'" Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (quoting Wilkins v. Sec'y, Dept. of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991)).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson, 434 F.3d at 650 (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). In performing its review, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the" ALJ. "Where conflicting

evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Id. (quoting Craig, 76 F.3d at 589).

However, before a Court can determine whether substantial evidence supports the Commissioner's decision it must first ascertain whether the ALJ has considered all relevant evidence and sufficiently explained the weight given to obviously probative exhibits. Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) (quoting Arnold v. Sec'y of Health, Ed. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977)). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Thus, judicial review may prove impossible, and remand necessary, where: (1) the ALJ "fail[s] to make requisite findings or to articulate the bases for his conclusions," id.; and (2) the record provides an inadequate explanation of the Commissioner's decision, Meyer, 662 F.3d at 707 (citing DeLoatche, 715 F.2d at 150) (explaining that judicial review is possible so long as the record provides an adequate explanation of the Commissioner's decision). Moreover, if new and material evidence is made a part of the record, but review of the ALJ's decision is summarily denied by the Appeals Council, remand is appropriate because "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder." Meyer, 662 F.3d at 707.

## IV.   ANALYSIS

### A.    The ALJ's Five-Step Analysis of Plaintiff Stoot's Disability Claim.

With respect to steps one to three in the five-step analysis set forth at 20 C.F.R. § 404.1520, the ALJ found in his March 12, 2010 opinion that: (1) the Plaintiff is not engaged in substantial gainful activity, R. 11; (2) the Plaintiff suffers from a number of impairments, namely a history of nonischemic cardiomyopathy, degenerative disc disease, and status post laminectomy, which limit his ability to perform basic work activities, R. 11-12; and (3) the

Plaintiff does not have an impairment, or combination of impairments, that meets or medically equals one of the impairments in 20 C.F.R., Part 404, Subpart B, Appendix 1, R. 12. Thus, in accordance with 20 C.F.R. § 404.1520(a)(4), the ALJ was required to assess the Plaintiff's RFC.

The ALJ's opinion found that Plaintiff Stoots "has the residual functional capacity to perform sedentary work as defined by 20 CFR 404.1567(a) that allows . . . [the Plaintiff] to alternate between sitting and standing at will. . . . [and] require[s] no climbing, only occasional bending and squatting, no work overhead, and only simple, repetitive, one to three step tasks." R. 13. The ALJ principally relied upon five types of evidence in assessing the Plaintiff's RFC: (1) records of clinical and diagnostic testing, R. 13-14; (2) Plaintiff's testimony concerning his ailments and daily activities, R. 14; (3) medical opinion evidence of treating physician Dr. Beth Winke, which the ALJ afforded "significant weight," R. 14; (4) medical opinion evidence of State agency medical consultants, which were given "moderate weight," R. 14; and (5) testimony of the Plaintiff's wife, which was given "moderate weight," R. 14.

Based on this RFC, the ALJ concluded at step four that Plaintiff is unable to perform any past relevant work. R. 15. The burden then shifted, at step five, to the Commissioner to produce evidence that other jobs exist in the national economy that Plaintiff Wilson can perform considering his age, education, and work experience. Hancock, 667 F.3d at 472 (citing Hunter, 993 F.2d at 35). Based on the testimony of the VE who testified at the March 2, 2010 hearing, the ALJ concluded such jobs exist. Thus, the ALJ ruled that Plaintiff is "not disabled." R. 15-16.

### B. The ALJ Provided, Pursuant to 20 C.F.R. § 404.1527, An Inadequate Explanation for the Weight Afforded to Medical Opinion Evidence of the Plaintiff's Treating Physician, Dr. Beth Winke.

In making the RFC determination, the ALJ afforded "significant weight" to the opinion of Dr. Winke, the Plaintiff's treating physician. R. 14. He did so because her opinion evidence

"is consistent with the claimant's treatment history and his activities of daily living." R. 14. Alternatively, the ALJ afforded only "moderate weight" to the State agency medical consultants' opinions. R. 14. He did so because "the medical evidence of record supports a somewhat more restrictive residual functional capacity finding." R. 14.

Plaintiff argues in his Motion for Summary Judgment that the ALJ erred in failing to credit the totality of Dr. Winke's medical opinion.   Specifically, Plaintiff argues that an Assessment of Ability to Do Work-Related Activities (Physical) ("Assessment") completed by Dr. Winke on November 13, 2008 evidences that Plaintiff is unable to perform any full-time work. Def.'s Mot. for Summ. J. 3-8, ECF No. 11. On that form, Dr. Winke suggests a litany of work-related restrictions, including:

1. Carrying 10 lbs: 1/3 of an 8-hour day;
2. Carrying 5 lbs: 1/3 to 2/3 of an 8-hour day;
3. Standing or Walking: 2 hours of an 8-hour day, 30 minutes without interruption;
4. Sitting: 4 Hours of an 8-hour day, 1 hour without interruption;
5. Climbing, Balancing, or Crawling: Never;
6. Stooping, Kneeling, or Crouching: Occasionally, meaning up to 1/3 of an 8-hour day; and
7. Pushing and Pulling: No more than 10 lbs.

R. 253-54.

This Circuit follows the "treating physician rule," which generally requires that the medical opinion evidence of a treating physician be given greater weight. This rule is not, however, absolute. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (citing Hunter, 993 F.2d at 35). According to the regulations, a treating physician's medical opinion evidence is entitled to controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in . . . [the] case record." 20 C.F.R. § 416.927. Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it

8

should be accorded significantly less weight." <u>Mastro</u>, 270 F.3d at 178 (quoting <u>Craig</u>, 76 F.3d at 590). Ultimately, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." <u>Id.</u> Ultimately, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." <u>Id.</u>

However, pursuant to 20 C.F.R. § 404.1527(c), unless a treating source's opinion is given controlling weight, an ALJ is required to consider the factors set forth at §§ 404.1527(c)(1)-(6) in deciding the weight to give any medical opinion. This includes: (1) whether the source of the opinion has examined the plaintiff; (2) whether the source of the opinion has a treatment relationship with the plaintiff, and the nature, extent, and length of the treatment relationship; (3) whether the opinion is supported by relevant evidence; (4) whether the opinion is consistent with the record as a whole; (5) whether the source of the opinion is a specialist; and, (6) any other factors that support or contradict the opinion (including "the amount of understanding of our disability programs and their evidentiary requirements that an acceptable medical source has"). 20 C.F.R. §§ 404.1527(c)(1)-(6).

Therefore, upon determining that Dr. Winke's opinion would not be afforded controlling weight, the ALJ was required to explain his decision to afford Dr. Winke's medical opinion evidence "significant weight," R. 14, by reference to these factors. The ALJ fails in this respect, merely claiming that Dr. Winke's opinion "is consistent with the claimant's treatment history and his activities of daily living." R. 14. As the Magistrate correctly noted, the ALJ "does not explain why he rejected the specific limitations that the plaintiff cannot work a full eight-hour workday and that the plaintiff could be expected to miss more than two days of work per month." Rep. and Recs. of Mag. Judge 16, ECF No. 16.

C.      **Remand Is Unnecessary Because There Is Sufficient Evidence in the Record for the Court to Find That the Commissioner's Final Determination Is Supported By Substantial Evidence.**

The Magistrate's Report and Recommendations states that "[t]he only evidence in the record that contradicts Dr. Winke's opinions with respect to" limitations concerning the Plaintiff's ability to stand, walk, sit, or be regularly present at work are the medical opinions of the State agency medical consultants, Dr. Michael Cole and Dr. Robert Castle. Rep. and Recs. of Mag. J. 19, ECF No. 16; see R. 47-62 (disability determination at the initial level incorporating the medical opinion of Dr. Michael Cole); R. 63-76 (disability determination at the reconsideration level incorporating the medical opinion of Dr. Robert Castle). The Magistrate felt that "the opinions of two non-examining state physicians cannot be considered substantial evidence justifying the dilution of the opinions of the plaintiff's treating physician," and therefore recommended that the Court remand the case for further proceeding. Rep. and Recs. of Mag. J., ECF No. 16.

An ALJ is not, however, required to credit a treating physician's opinion in its entirety. Cain v. Barnhart, 197 Fed. Appx. 531, 533-34 (6th Cir. 2006) (unpublished opinion) (affirming ALJ's decision to partially discount treating physician's opinion based on inadequate explanation, lack of objective data supporting assessment, inconsistent medical opinion evidence, and inconsistency with the plaintiff's own testimony concerning his daily activities); Bennett v. Barnhart, 264 F. Supp. 2d. 238, 257-60 (W.D. Pa. 2003) (affirming ALJ's decision not to incorporate certain medical limitations set forth on physical abilities form by treating physician due to contradictory evidence in the record). Moreover, this Circuit has held that judicial review is only rendered impossible if the record provides an inadequate explanation of the Commissioner's decision. Meyer, 662 F.3d at 707 (citing DeLoatche, 715 F.2d at 150).

After reviewing the record in its entirety, the Court has found sufficient evidence to

conclude that the ALJ's RFC determination, which does not incorporate certain limitations set forth by Dr. Winke on the November 13, 2008 Assessment form, R. 253-55, is supported by substantial evidence. The Court reaches this conclusion based on: (1) inadequate explanation for these physical limitations in Dr. Winke's treatment notes; and (2) inconsistencies amongst the physical restrictions set forth on the Assessment form.

### 1. There Is Inadequate Explanation for Dr. Winke's Sudden Imposition of the Exertional Limitations Set Forth in the November 13, 2008 Assessment Form.

Dr. Winke's comments on the Assessment form and her treatment notes fail to adequately explain why she suddenly imposed exertional limitations on the Plaintiff's capacity to work on November 13, 2008. The Assessment form itself advises the physician that "YOU MUST [Dr. Winke] . . . [i]dentify the particular medical findings (i.e., physical exam findings, x-ray findings, lab test results, history, symptoms (including pain), etc.) which support your assessment of any limitation." R. 253. With respect to the restrictions imposed on standing or walking, Dr. Winke merely wrote "weakness, pain." R. 253. As for her restrictions on Plaintiff's ability to sit, she wrote "radiculopathy." R. 254. Finally, Dr. Winke limited the Plaintiff's ability to lift or carry objects to: (1) 10 lbs for up to 1/3 of an 8-hour day; and (2) 5 lbs for up to 2/3 of an 8-hour day. She justified those restrictions based on atrophy and weakness in the left lower extremity. R. 253.

Dr. Winke began treating the Plaintiff on January 16, 2007. R. 250. From that date to November 13, 2008, when the Assessment form was completed, Dr. Winke examined the Plaintiff on twenty occasions. R. 231-50. Her treatment notes from the very first examination state that Plaintiff Wilson was suffering from "chronic low back pain." R. 250. As early as April 5, 2007, under "PHYSICAL EXAMNIATION," Dr. Winke states that "the patient is noted to have significant atrophy of the left lower leg as compared to the right." That same day, under

11

"IMPRESSION," Dr. Winke first references "left lower extremity radiculopathy" as a symptom. R. 247. Dr. Winke never references "weakness" in her treatment notes, though on January 7, 2008, she did acknowledge that Plaintiff Stoots has "intact strength." R. 238.

Therefore, the only three symptoms referenced on the <u>Assessment</u> form supported by Dr. Winke's treatment notes—pain, atrophy, and radiculopathy—had developed as early as April 5, 2007. From April 2007 to June 2008, however, the Plaintiff was gainfully employed as a General Services Technician at an Automotive Repair Shop. R. 142. In that position the Plaintiff states that he would walk and stand 8-9 hours per day, sometimes lift 50 lbs, and frequently (up to 2/3 of the workday) lift 35-40 lbs. R. 143. This work, which the Plaintiff performed with all of the symptoms referenced in the <u>Assessment</u> form, far exceeds the exertional requirements that Dr. Winke suddenly set forth in November 2008.

Dr. Winke's plan of treatment for the Plaintiff also seems inconsistent with her sudden recommendation of these exertional limitations. From January 16, 2007 to November 13, 2008, Dr. Winke's plan of treatment consists almost exclusively of: (1) Methadone and Vicodin HP; and (2) a monthly follow-up appointment. R. 231-50. There are rare exceptions, but none of them suggest a sudden change in the Plaintiff's condition. <u>See</u> R. 232 (suggesting compression socks); R. 236 ("We will add a Medrol Dose Pak at this time."); R. 243 ("I would like the patient to start Lyrica at 50 mg . . . . At some point, we may want to check some blood work."); R. 245 (I [Dr. Winke] again suggested an appointment with Dr. Gross."); R. 247 ("I [Dr. Winke] have encouraged the patient to make an appointment to see Dr. Gross for surgical consideration.").

After carefully reviewing Dr. Winke's treatment notes, the Court finds that there were no new symptoms, tests, or findings that would explain the sudden need to restrict the Plaintiff's work activities in November 2008. The ALJ did not, therefore, err in discounting those portions

of Dr. Winke's medical opinion set forth on the November 13, 2008 Assessment form.

**2.     There Are Inconsistencies Amongst the Exertional Limits Set Forth on the Assessment Form by Dr. Winke.**

As discussed in Part IV(C)(1), the Assessment form completed by Dr. Winke on November 13, 2008 outlines exertional limits on, amongst other things, the Plaintiff's ability to: (1) stand or walk; (2) sit; and (3) lift or carry objects. R. 253-55. Dr. Winke suggests that Plaintiff Stoots is only able to stand or walk for 2 hours of an 8-hour day, and only in 30 minute increments. R. 253. However, Dr. Winke also suggests that the Plaintiff is capable of lifting and/or carrying objects up to 5 lbs for 2/3 of an 8-hour day, which is approximately 5 hours and 20 minutes. R. 253.

The word "carry" has many meanings, but is most appropriately defined in this context as "to move while supporting." See Merriam-Webster Dictionary, Carry (Sept. 26, 2012), http://www.merriam-webster.com/dictionary/carry (defining "carry" as, amongst other things, "to move while supporting"); see also Wright v. Astrue, 2008 WL 5070760 at *9 n.7 (D. NJ. 2008) (unpublished opinion) (finding the same). Having stated that the Plaintiff is able to "carry" a 5 lb object for 5 hours and 20 minutes of an 8-hour work day, Dr. Winke necessarily implied that the Plaintiff is able to walk for a similar amount of time. Not only is that inconsistent with her own estimate of the Plaintiff's capacity to stand or walk set forth on the Assessment form, R. 253, but also exceeds the 4-hour stand and/or walk limit incorporated into the medical opinion evidence of Dr. Michael Cole, a State agency medical consultant. R. 56.

It was the ALJ's responsibility to weigh conflicting evidence and make credibility determinations when determining the Plaintiff's RFC. Hays, 907 F.2d at 1456. Faced with inconsistencies amongst Dr. Winke's own recommendations, R. 253-55, as well as a conflict with the opinions of the State agency medical consultant, R. 56, the Court finds that reasonable

minds could differ as to whether to credit all or only a portion of Dr. Winke's medical opinion evidence. Id. (quoting Craig, 76 F.3d at 589) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

## V.   CONCLUSION

Pursuant to 20 C.F.R. § 416.927, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d at 178 (quoting Craig, 76 F.3d at 590). Similarly, an ALJ may refuse to credit some, but not all, of a physician's opinion if those discredited portions suffer from these deficiencies.   The Court finds that the ALJ acted appropriately in affording Dr. Winke's medical opinion evidence "significant weight" while simultaneously discounting portions of her opinion, principally those set forth on the Assessment form, because those discounted portions were not supported by clinical evidence, suffer from internal inconsistencies, and are inconsistent with other substantial evidence in the record.

For the reasons stated herein, the Court hereby (1) **REJECTS** the Magistrate's Report and Recommendation, ECF No. 15; (2) **DENIES** the Plaintiff's Motion for Summary Judgment, ECF No. 10; (3) **GRANTS** the Defendant's Motion for Summary Judgment, ECF No. 12; and (4) **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to deliver a copy of this Order to all Counsel of Record in this case.

**IT IS SO ORDERED.**

/s/
Robert G. Douman
Senior United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
September 29, 2012

14